IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**DONALD RAY NELSON, 694678** §

**VS.** § CIVIL ACTION NO. 6:16CV53

**BRAD LIVINGSTON, ET AL.** §

## ORDER OF DISMISSAL

Plaintiff, Donald Ray Nelson, an inmate confined in the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, initiated this civil rights lawsuit pursuant to 42 U.S.C. § 1983 on February 12, 2016. The Complaint alleged that various prison officials denied Plaintiff medical treatment in violation of his Eight Amendment rights. Specifically, Plaintiff alleged that, after a fall from a ladder inside the Michael Unit, the defendants misdiagnosed and refused to treat a wrist injury, refused to treat an injured tailbone, and failed to provide a "cell pass, job change, work restrictions, or any medication(s)" or other treatment to alleviate pain. Complaint at 8.

On April 4, 2016, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985), wherein Plaintiff was given the opportunity to fully discuss the factual basis of his claims. Following the hearing, United States Magistrate Judge John D. Love of the Eastern District of Texas issued a Report and Recommendation, in which he determined Plaintiff should be allowed to proceed with his medical claims against only one defendant, Nurse Practitioner Virginia Schafer, and that his remaining claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). *See* docket entry #12. Plaintiff filed no objections to the Report and Recommendation.

On May 9, 2016, Defendant Schafer filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Magistrate Judge Love determined that: (1) Defendant Schafer was entitled to Eleventh Amendment immunity to the extent that Plaintiff sued her in her official capacity for monetary damages; (2) Plaintiff failed to make sufficient allegations of deliberate indifference to his serious medical needs; and (3) as a government official performing a discretionary function, Defendant Schafer is entitled to qualified immunity from liability for civil damages arising from that function. *See* Report and Recommendation (docket entry #30).

Plaintiff has filed written objections to the Report and Recommendation of the Magistrate Judge. He challenges the Magistrate Judge's findings that Defendant Schafer: (1) prescribed Ibuprofen to treat his pain on the date of injury; (2) did not deny treatment for an injury to Plaintiff's coccyx; (3) did not demonstrate deliberate indifference to Plaintiff's serious medical needs; and (4) is entitled to qualified immunity. Having made a *de novo* review of the objections, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.

**I.     The Medical Records Submitted to the Court by Plaintiff Indicate that Defendant Schafer Prescribed Ibuprofen for Pain Management at Plaintiff's Initial Visit to the Infirmary, as Well as on Subsequent Visits**

Plaintiff first objects to the Magistrate Judge's finding that Defendant Schafer prescribed him Ibuprofen on the date of injury, April 29, 2015. *See* Objections at 2. He argues that the there is no basis in the record to establish any such prescription on the date of injury. He contends that he was denied pain medication initially and that Ibuprofen was first prescribed approximately fifteen (15) days after he sustained his injuries. These contentions are simply not borne out by the record.

Medical records submitted to the Court by Plaintiff indicate that Plaintiff arrived in the Michael Unit infirmary for an initial examination on the morning of April 29, 2015, less than two (2) hours after his fall from the ladder. Complaint[1] at 18. In response to Plaintiff's complaints of pain in his wrist and tailbone, Defendant Schafer ordered X-rays of Plaintiff's right hand, right wrist, and lumbar spine. *Id.* She also ordered that Plaintiff be provided thirty (30) packages of Ibuprofen, with instructions to take the medication as needed for pain. *Id.*

Plaintiff is correct that his medical records show he was prescribed Ibuprofen approximately fifteen (15) days after he sustained his injuries during a May 14, 2015, follow up examination by Defendant Schafer. *Id.* at 29. However, his contention that this was the first time Defendant Schafer prescribed Ibuprofen is not supported by the record.

Plaintiff has made no allegations that the medical records submitted to the Court are in any way unreliable, and the Court finds no reason to doubt them. The Court, therefore, finds Plaintiff's objection to the factual basis for the Magistrate Judge's finding without merit.

## II. The Medical Records Submitted to the Court by Plaintiff Indicate that Nurse Schafer Treated Plaintiff's Injured Coccyx With Physical Manipulation, Pain Medication, and Other Palliative Measures

Next, Plaintiff objects to the Magistrate Judge's finding that Defendant Schafer treated an injury to Plaintiff's coccyx. Plaintiff contends that Nurse Schafer refused to treat the injury and, further, contends that he still has not received treatment for the injury and continues to experience pain as a result. Objections at 2. Once again, his allegations are not borne out by the record.

---

[1] Appended to Plaintiff's Complaint (docket entry #1) are several pages of prison medical records, reports, and grievance forms, which relate to the factual allegations asserted by Plaintiff. These records, which are not designated as individual exhibits, are cited herein as "Complaint" followed by the page number assigned by the Clerk of Court.

The medical records submitted to the Court show that Plaintiff had his second appointment with Defendant Schafer in the afternoon of April 29, 2015, the day of the fall. This appointment occurred approximately four (4) hours after Plaintiff's initial examination, after the Michael Unit infirmary had received the final radiology report from the University of Texas Medical Branch, Department of Radiology. Complaint at 18, 25-28. The radiology report indicated a triquetral fracture of the right wrist. *Id.* at 25-28. Defendant Schafer communicated these results to Plaintiff during the exam and applied a splint to Plaintiff's wrist. *Id.* at 27. Additionally, Defendant Schafer's exam notes indicate: "[c]occyx manipulated with some relief obtained. Instructed [Plaintiff] in how to continue coccyx t[reatment]." *Id.* at 27.

The records submitted to the Court also indicate that, in a May 14, 2015, follow up visit, Plaintiff stated to Defendant Schafer that he was still experiencing pain in his tailbone. *Id.* at 29. As a result, Defendant Schafer authorized a one (1) year "donut pass," which allowed Plaintiff to use a donut cushion to alleviate the pain in his tailbone, and prescribed an additional thirty (30) day supply of Ibuprofen 800 MG, to be taken twice daily for pain. *Id.* at 22, 29.

In light of this record, the Court finds Plaintiff's objection to the factual basis for the Magistrate Judge's finding without merit.

**III. Plaintiff's Mere Disagreement With the Course, Methods, and Quantity of Treatment Does Not Establish Deliberate Indifference to His Serious Medical Needs**

The root of Plaintiff's complaints in this case is his apparent disagreement with the course, methods, and quantity of treatment he received from Defendant Schaffer for injuries to his wrist and coccyx. As he did in his Complaint, Plaintiff claims in his Objections that Defendant Schafer "never put one finger on [him]" during her initial examination and assessment on the morning of April 29, 2015. Objections at 2. He asserts, further, that in this initial examination, Defendant Schafer did not prescribe pain medications and did not apply a sling.

4

Plaintiff argues that Defendant Schafer's initial examination and subsequent treatment were inadequate and amounted to an intentional denial of treatment in violation of his Eighth Amendment rights. Accordingly, he objects to the Magistrate Judge's conclusion that the facts alleged by Plaintiff do not demonstrate deliberate indifference to his medical needs and, therefore, do not state a claim upon which relief may be granted in this § 1983 action.

As the Magistrate Judge correctly noted, deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). However, deliberate indifference is an exceedingly high standard to meet. In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that "a prison official cannot be found liable under the Eighth Amendment…unless the official knows of and disregards an excessive risk to inmate health or safety;…the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Although inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

In this case, Plaintiff contends that several of Defendant Schaffer's actions evinced deliberate indifference to his serious medical needs. He argues that she should have provided a cast or sling to immobilize and support his wrist at his initial visit on the morning of April 29, 2015. *See* Objections at 2. But, Plaintiff offers nothing more than speculation to demonstrate that he would have benefitted from such a course of treatment, or that such measures would have been superior to the splint applied by Defendant Schaffer in her second appointment with Plaintiff on the afternoon of April 29, 2015.

Plaintiff also contends that Defendant Schafer exhibited deliberate indifference to his serious medical needs when she "intentionally treated [him] incorrectly and then refused to send treat [*sic*] him with a surgery immediately after the fall…" Objections at 2. But, as discussed previously, Plaintiff's arguments that Defendant Schaffer simply refused to treat his injuries and pain are baseless. And, although the Court acknowledges the three-month lapse between the time Plaintiff sustained the wrist injury and the time he was ultimately referred for corrective surgery, there is nothing in the record that indicates this delay was the result of Defendant Schaffer's conscious disregard of the risk of harm to Plaintiff. Indeed, there is nothing in the record which indicates that Defendant Schaffer was even aware of the extent of Plaintiff's injury, or reasonably should have been, prior to the time Plaintiff was referred for surgery.

To the extent that Plaintiff argues Defendant Schafer was negligent in failing to determine sooner that his wrist required surgery, he has offered no evidence that Schafer breached the standard of care. Moreover, even assuming, *arguendo*, that Defendant Schafer was negligent in her diagnosis and treatment of Plaintiff's wrist, there is nothing in the record which evinces intent on her part to delay or deny medical treatment or to cause unnecessary pain. At most, Plaintiff has alleged a mistake in medical judgment by Defendant Schafer. Although such a mistake might be grounds for relief in a malpractice action, it is no basis for relief in this § 1983 action. *See Estelle*, 429 U.S. at 107; *Varnado*, 920 F.2d at 321; *Stewart*, 174 F.3d at 535.

The Court concludes that, although Plaintiff has made conclusory allegations of deliberate indifference to his serious medical needs and intent to cause unnecessary pain, these claims are entirely unsubstantiated. Accordingly, Plaintiff's objection the Magistrate Judge's finding of no deliberate indifference is without merit.

## IV.     Defendant Schafer is Entitled to Qualified Immunity

Plaintiff's final objection is to the Magistrate Judge's determination that Defendant Schafer is entitled to qualified immunity. The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). Plaintiff argues that the defense of qualified immunity is inapplicable here since Defendant Schafer was sued for damages in her individual capacity. *See* Objections at 3. However, the Court notes that, while suit of a government official in her individual capacity might save a claim for damages in the face of a challenge based on State Sovereign Immunity under the Eleventh Amendment, it has no bearing on a court's determination whether the official is immune from suit under the distinct, court-created doctrine of qualified immunity.

Rather, a federal court assessing the applicability of qualified immunity engages in a two-pronged inquiry. First, the court must consider whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). Second, the court must consider "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Although a court may consider the two-pronged inquiry in any order, if it finds that an official's conduct

did not violate a "clearly established constitutional right," then qualified immunity applies and no further analysis is required. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

In this case, the Magistrate Judge properly applied the two-pronged standard and concluded that, because Plaintiff failed to show Defendant Schaffer acted with deliberate indifference to his serious medical needs, he could not show she violated a clearly established constitutional right. Accordingly, Plaintiff failed to carry his burden of proving the inapplicability of the qualified immunity defense. The Court, therefore, finds Plaintiff's objection to the Magistrate Judge's conclusion without merit.

**V.    Conclusion**

The Court finds that each of Plaintiff's objections lack merit and should be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that the Report and Recommendation (docket entry #30) is **ADOPTED**. It is further

**ORDERED** that the lawsuit is hereby **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **26** day of **October, 2016.**

_____
Ron Clark, United States District Judge